BOGGS (UNITED STATES v.). See Case No. 14,618.

---

## Case No. 1,603.

### BOGGS v. WILLARD.

[3 Biss. 256;[1] 4 Chi. Leg. News. 325; 16 Int. Rev. Rec. 22; 7 Am. Law Rev. 172.]

Circuit Court, N. D. Illinois. June Term, 1872.

REMOVAL OF CAUSES — NOT AFTER TRIAL AND FINAL HEARING—NOT TO OBTAIN REHEARING.

1. Under the act of March 2, 1867 [14 Stat. 559, c. 196], for the removal of causes from state to federal courts, a party whose case has been tried in the state courts and appealed to the supreme court of the state, where the decree of the court below was reversed, with instructions to dismiss the suit, has no right to a transfer of the case.

[See Stevenson v. Williamson, 19 Wall. (86 U. S.) 572; Brice v. Somers, Case No. 1,856.]

2. An application comes too late after the issues have been tried in the state courts and a final hearing had.

3. It was not the intention of congress that a party dissatisfied with an adjudication in the state courts should have the right to remove the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 Am. Law Rev. 172, contains only a partial report.]

cause into the federal courts and there have a rehearing.

4. If the case is such an one as to give the party a right to a writ of error to the supreme court of the United States under the 25th section of the judiciary act, a review may be had in that manner, but in no other.

This was an application on the part of the complainant, George Boggs, for leave to file in this court a transcript of the record in this case, from the superior court of Cook county. [Application denied.] On the 6th of October, 1868, the complainant had filed his bill in the superior court of Cook county for relief against the sale under a power of sale contained in a certain mortgage given by himself to defendant Willard, setting up in substance that at the time the mortgage became due, complainant was in the state of Louisiana, and was there retained by reason of the state of war which then existed between the Southern Confederacy and the United States; that while the non-intercourse acts and the proclamations of the President in pursuance thereof were in force, the said Willard proceeded to sell the property in question upon the mortgage, and defendant Smith became the purchaser thereof; that afterwards Smith conveyed the property to Willard, and that the defendants, Crane, Apthorp, Fitch, and Cotter, had since acquired some interest in the property by contracts or agreement with Willard, who still held the fee thereof. Of the defendants, Crane and Fitch only were served with process. Willard appeared and answered, and an answer was also filed by Fitch, both of said answers denying the material allegations in the bill of complainant. The defendants, George Smith, Redmond Cotter, and William P. Apthorp, were brought into court by publication. Replications were duly filed, and on the 7th of September, 1869, the case was brought to final hearing and a decree rendered granting the relief prayed for by the bill. The defendants, Willard and Fitch, appealed to the supreme court of this state, where the errors assigned were heard and considered at the September term, 1870, and the supreme court reversed the decree of the superior court, and remanded the case to the superior court for further proceedings, in conformity with the opinion of the supreme court, which was that the bill should have been dismissed. The opinion of the supreme court will be found in 56 Ill. 163. On the filing of the mandate of the supreme court in the superior court at the June term, 1872, the complainant petitioned for a removal of the case from said court to this court, under the provisions of the act of March 2, 1867 (14 Stat. 558). This application was refused and the cause dismissed in conformity with the mandate and opinion of the supreme court. It was conceded that the petition and affidavits asking for the removal were in due form, and that a proper bond had been tendered.

Edward S. Isham, for complainant.

Goudy & Chandler, for defendants.

BLODGETT, District Judge. Complainant now asks leave to docket the cause in this court, notwithstanding the action of the superior court in the premises, on the ground that he has fully complied with the law and is entitled to a transfer of the case into this court, and we concede that his application would be entitled to a favorable consideration were it not for the fact that the case seems to have been fully disposed of by the state court prior to the making of this application.

The act of March 2, 1867, is an amendment to an act for the removal of causes, in certain cases, in state courts, approved July 27, 1866 (14 Stat. 306), which reads as follows: "If in any suit already commenced, or that may hereafter be commenced, in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, it be made to appear to the satisfaction of the court, a citizen of the state in which the suit is brought, is or shall be a defendant, and if the suit, so far as relates to the alien defendant, or to the defendant who is the citizen of a state other than that in which the suit is brought, is or has been instituted or prosecuted for the purpose of restraining or enjoining him, or if the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause, then, and in every such case, the alien defendant, or the defendant who is a citizen of a state other than that in which the suit is brought, may at any time before the trial or final hearing of the cause, file a petition for the removal of the cause as against him into the next circuit court of the United States, to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court on the first day of its session, copies of said process against him, and of all pleadings, depositions, testimony, and other proceedings in said cause affecting or concerning him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, and it shall be thereupon the duty of the state court to accept the surety, and proceed no further in the cause as against the defendant so applying for its removal."

It will thus be seen that the right to transfer a cause from the state to the federal court must be exercised before the trial or final hearing of the cause has transpired in the state court. An examination of the record in this case shows that the superior court had proceeded to hear the issues made by the bill, answers and replication, and had adjudicated thereon; that an appeal had been taken by part of the defendants to the supreme court of the state, where the decree of the superior court was reversed, and the

cause remanded to be dismissed. This seems to me to be clearly a final hearing of the case. It was competent for the supreme court, under the practice of this state, to have dismissed the bill in the supreme court; but instead of doing so, they merely reversed the decree of the superior court, and ordered the case back to the superior court, to be there dismissed in conformity with their opinion. So that the superior court had no alternative, under the mandate of the supreme court, than to dismiss the bill in accordance therewith. The motion for a transfer of the case was not made until after the case had been finally heard in both tribunals, and it clearly seems to me that the application for a transfer came too late.

It was not the intention of congress that a party dissatisfied with an adjudication in the state courts should have the right, after a decision against him, to remove the cause into the federal courts, and there have a rehearing. If the case was such an one as to give the party a right to a writ of error to the supreme court of the United States, under the provisions of the 25th section of the judiciary act [1 Stat. 85], a review may be had in that manner; but it seems clear to me that after a case has had a hearing before the state court and been finally disposed of, the federal courts cannot take jurisdiction of it, except as is provided in the 25th section.

Other objections to this court taking jurisdiction of the matter were also urged by the defendants; but as this point seems to me conclusive, I have not thought proper to allude to them. Application denied.

NOTE [from original report]. On the dismissal of the bill by the superior court, the complainant sued out a writ of error from the supreme court, and the cause was submitted at the September term, 1873, and is now pending. For numerous authorities on this question of removal from state courts, consult, also, Akerly v. Vilas [Cases Nos. 119, 120]; Kingsbury v. Kingsbury [Id. 7,817].